

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

TONYA M. ARLEDGE,            )
                             )
    Plaintiff,               )
                             )
v.                           )   Case No.  CV406-53
                             )
DR. KEITH B. HALL,           )
                             )
    Defendant.               )

## REPORT AND RECOMMENDATION

In March 2006 Tonya Marie Arledge, proceeding *pro se* and *in forma pauperis*, engulfed this Court with a series of complaints[1] which largely repeat the same theme: that she has "heard over the radio" that her privacy has been invaded, that her mind is being controlled by outside forces, and that she has been repeatedly raped and tortured by various actors, local radio personalities, President Bush, and other public figures. The factual allegations of these various complaints are utterly fanciful and

---

[1]From March 1 to March 9, 2006, plaintiff filed 18 separate complaints. She filed 5 additional complaints on March 20, 2006.

are clearly the product of a troubled mind that is suffering from paranoia and having difficulty grappling with reality.

The vast majority of plaintiff's complaints lack an arguable factual basis, and their dismissal has been recommended under 28 U.S.C. § 1915(e)(2). While plaintiff's factual allegation in this particular case—that Dr. Hall has failed to provide her with a copy of a medical record— does not "rise to the level of the irrational or wholly incredible" sufficient to justify the dismissal of her complaint as factually frivolous, <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992), it is clear that plaintiff's action is legally frivolous and fails to state a claim which may be heard in this Court. It should therefore be dismissed.

In this case, plaintiff is suing Dr. Keith B. Hall, a physician who examined her on May 7, 2004 and issued a "medical clearance" allowing her to return to her work with the United States Postal Service. The Postal Service, however, determined that the letter "was not sufficient to satisfy their criteria to return to work." Doc. 1. Plaintiff states that she then contacted the nurse for the Postal Service and asked her to mail to Dr.

Hall's office a copy of a report issued by a Dr. Faber[2] on an earlier occasion when plaintiff needed medical clearance, a report that satisfied the Postal Service and resulted in plaintiff returning to work. Dr. Hall's nurse informed plaintiff that the express mail package with the report never arrived at Dr. Hall's office. Plaintiff states that she has contacted Dr. Hall's office several times, but her calls are now ignored. Plaintiff further states that she sent a subpoena to Dr. Hall and Dr. Faber dated October 20, 2005, but both subpoenas have been ignored.

The federal *in forma pauperis* statute allows a court to dismiss an indigent's complaint if the court determines that the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). This statute empowers the federal courts to dismiss claims resting upon "an indisputably meritless legal theory," as well as "those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). At the time Neitzke was decided, the federal *in forma pauperis* statute did not allow the dismissal of an indigent's complaint on the ground that it failed to state a

---

[2] Plaintiff has also filed suit against Dr. Faber asserting the same claims raised in this case. Tonya Marie Arledge v. Dr. John Faber, CV406-54 (S.D. Ga. filed March 3, 2006). In that case, plaintiff indicates that she needs Dr. Faber's report in order to comply with her discovery obligations in her employment discrimination suit against the Postal Service.

claim upon which relief could be granted. Id. at 324 (construing the meaning of "frivolous" as used in the former IFP statute, which was codified as 28 U.S.C. § 1915(d)). More recently, Congress amended the statute to authorize the sua sponte dismissal of both frivolous claims and those claims which, though they may have an arguable legal basis, are ultimately found to lack merit. 28 U.S.C. § 1915(e)(2)(B)(ii) (authorizing dismissal of complaints which fail to state a claim for relief under Fed. R. Civ. P. 12(b)(6)). Further, like any complaint, an *in forma pauperis* filing may be dismissed for want of subject matter jurisdiction. Neitzke, 490 U.S. at 327 n.6.

As is true of her other many complaints, plaintiff's complaint in this case has no arguable legal basis. Essentially, plaintiff is alleging that Dr. Hall and Dr. Faber (whom she has sued in a separate action) have obstructed her efforts to obtain discovery material which she needs to prosecute an employment discrimination claim which she has filed against the U. S. Postal Service. Tonya Marie Arledge v. John E. Potter, CV405-161 (S.D. Ga. filed Sept. 7, 2005). The proper procedure for obtaining civil discovery material from a third party who refuses to produce it in response

to a properly issued subpoena is not to file a lawsuit against the non-producing third party but instead to seek relief from the court with jurisdiction over the civil case. That court, upon a proper showing, can then impose sanctions against the non-producing third party. See Fed. R. Civ. P. 45(e); see also Fed R. Civ. P. 37(a)(4), (b)(2). Plaintiff, therefore, acted improperly in initiating a separate lawsuit as a means of compelling discovery in her pending employment discrimination case.

Furthermore, even if plaintiff is seeking some broader relief than just an order compelling discovery, it is clear that this Court lacks jurisdiction over the subject matter of her claim. Plaintiff has failed to invoke this Court's "federal question" jurisdiction under 28 U.S.C. § 1331, as her civil action does not arise under the Constitution or laws of the United States. Nor can plaintiff rely upon this Court's diversity jurisdiction under 28 U.S.C. § 1332, as plaintiff has not alleged that the suit involves "citizens of different states"[3] or that the amount in controversy exceeds $75,000.

While plaintiff may be a sympathetic litigant because she is clearly suffering from some mental disorder that impairs her rational processes

---

[3] Plaintiff, who lives in Savannah, Georgia, lists Dr. Hall's address on her civil cover sheet as "Savannah, Ga."

5

and causes her to experience delusions and extreme paranoia, this Court is not a provider of therapy services, and it need not allow its docket to be cluttered by complaints which have no conceivable legal basis. Accordingly, this complaint, which was commenced without payment of the filing fee, should be dismissed as frivolous under § 1915(e)(2).

**SO REPORTED AND RECOMMENDED** this 5TH day of May, 2006.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA